Curia, per
Johnson, J.
The question, propounded as the first ground of this motion is, whether the recital of the bond in the mortgage is of *345 itself sufficient evidence of the debt, without the production of the bond ?
Generally, the party making a recital is concluded by it, and he is estopped from saying that the fact recited is not true ; but when the recital points to higher and better evidence of the fact, which is in the, power of the party, it falls within the universal rule, that the best evidence which the nature of the case admits of must be produced. It is necessary to guard against the effect of a misreeital; and may be compared to the common case of offering a copy in evidence. When the original is in existence, a copy is excluded on account of the danger of error; and the same reason applies, with equal or greater force, to a recital.
There are other considerations which apply more peculiarly to the present case. This was a bond for the payment of money, assignable under the act of the legislature, and the production of it is rendered necessary to guard against frauds that might arise out of a transfer; and it is well known, too, that papers of this description serve as almost the only record of receipts and payments; and the circumstance of keeping it out of view, without accounting for its destruction or loss, gives rise to a suspicion that some unfairness was intended.
Again, the case in itself furnishes, perhaps, as strong an illustration of the necessity of requiring that the bond *itself should be duced, as any that can be readily conceived. The mortgage cites, that, “whereas Huldah Goodman, by her written obligation bearing date, &c., stands bound to the said William Baker in the penal sum of §206 13, the condition of the said sum of 8266 13, payable on or before the first day of January, 1819, with interest from the date, &c.” Now it is apparent, that the condition has been misrecited, or it involves the incongruity of a penal bond, conditioned to pay the penalty, which would of itself be conclusive as to the case.
The discount claimed for the sales of the crop of 1817, was properly rejected. That transaction proceeded the execution of the bond and mortgage, which in themselves furnish a presumption of the liquidation of all accounts between the parties; and although this, as a mere legal inference, might be repelled perhaps by very slight circumstances, none exist in this case; on the contrary, the length of time which has elapsed without any demand for the discount having been made, confirms the presumption.
The remaining ground involves a matter of fact only, and the court see no reason to dissent from the conclusion of the commissioner and the chancellor in relation to it.
The case is therefore referred back to the commissioner, to give the complainant an opportunity of producing the bond, or accounting for its loss or destruction, and it is ordered and decreed that he report thereon, in conformity with this opinion.

Decree affirmed.